UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIONNA BASS and QUTRELIA JOHNSON,

    Plaintiffs,

v.

WYNDERN STARK LLC, d/b/a GQR and BEAUMONT HEALTH,

    Defendant.

Case No. 25-10219
Honorable Laurie J. Michelson

---

**ORDER DENYING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE [5]**

---

On January 23, 2025, Plaintiffs Kionna Bass and Qutrelia Johnson filed this lawsuit alleging that they were discriminated against, and ultimately wrongfully terminated, because of their race in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1). (ECF No. 1). The next day summonses for the Defendants issued. (ECF Nos. 2, 3.) But Plaintiffs have been unable to serve Defendant Wyndern Stark, LLC. So on April 21, 2025, Plaintiffs filed a motion to serve Wyndern Stark by alternate means pursuant to Federal Rule of Civil Procedure 4(h)(1). (ECF No. 5.) Because Plaintiffs have not shown that service in accordance with Federal Rule of Civil Procedure 4(e)(1) cannot reasonably be made or that the alternate service proposed will provide actual notice, the Court will deny the motion without prejudice.

## I.

In federal proceedings, a corporation, partnership, or other association may be served in a judicial district of the United States:

> (A) In the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, allows a plaintiff to serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Michigan, an LLC is properly served when the plaintiff delivers a summons and copy of the complaint (1) to the managing member, the nonmember manager, or the resident agent of the LLC or (2) to a member or other person in charge of an office of the company so long as plaintiff also sends a summons and copy of the complaint by registered mail to the registered office of the company. Mich. Ct. R. 2.105(H).

If a party shows that "service of process cannot reasonably be made as provided by this rule," the Court may exercise its discretion to permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1). The first requirement must be established by "sufficient facts." Mich. Ct. R. 2.105(J)(2); *see Krueger*, 300 N.W.2d at 916. The second requirement "embodies the constitutional requirements of due process." *United States v. Szaflarski*, No. 11-10275, 2011 WL

2

2669478, at *1 (E.D. Mich. July 7, 2011) (citing *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Courts may allow service by publication, by posting a copy of the summons and complaint on the door of the defendant's address, or by email. *See, e.g.*, *Reyes-Trujillo v. Four Star Greenhouse, Inc.*, No. 20-11692, 2021 WL 534488, at *4 (E.D. Mich. Feb. 12, 2021) (collecting cases). However, substituted service "is not an automatic right." *Id.* at *4 (quoting *Krueger v. Williams*, 410 Mich. 144, 159 (1981)). "A truly diligent search for an absentee defendant is absolutely necessary to supply a fair foundation for and legitimacy to the ordering of substituted service." *Id.* (quoting *Krueger*, 410 Mich. at 168).

## II.

That "truly diligent search" has not yet been achieved. Indeed, Plaintiffs have not shown that service cannot reasonably be made in compliance with Federal Rule of Civil Procedure 4(e)(1), so their argument fails at the first prong.

Plaintiffs advise that Wyndern Stark's resident agent is Filejet Inc., which is located in Troy, Michigan. (ECF No. 5, PageID.38.) Plaintiffs say they mailed "the Waiver, Notice of Lawsuit and Complaint by certified mail on April 8, 2025," to Filejet. (*Id.*) That same day, Plaintiffs say they attempted in-person service via a process server. (*Id.*) Six days later, Plaintiffs attempted service again. (*Id.*)

First, attempting personal service only two times within a very limited time span (6 days) is not sufficient for the Court to find that service cannot reasonably be made in compliance with Rule 4(e)(1). *See, e.g.*, *Elec. Workers Pension Trust Fund of Local Union #58 v. High Line Elec., LLC*, No. 08-11193, 2008 U.S. Dist. LEXIS 34098,

at *2–3 (E.D. Mich. April 25, 2008) ("Plaintiffs attempted to serve Defendant only three times . . . Plaintiffs' efforts are hardly exhaustive and therefore insufficient to form the basis for their requested relief.").

Second, Plaintiffs have yet to exhaust all the ways that an LLC may be served. Indeed, Michigan's rules allow an LLC to be served via "a member or other person in charge of an office of the company so long as plaintiff also sends a summons and copy of the complaint by registered mail to the registered office of the company." Mich. Ct. R. 2.105(H). Plaintiffs have not yet attempted to serve any member or other person in charge of an office of Wyndern Stark, nor explained their failure to do so.

Third, Plaintiffs have failed to establish that "the proposed alternative method [of service] is likely to give actual notice." Mich Ct. R. 2.105(J)(1). Plaintiffs' request is to post notice on the door of Filejet. (ECF No. 5 PageID.39.) But Plaintiffs' own process server advised that "he was unable to locate the address" and that after talking with building security "the company is unknown at the address" Plaintiffs provided. (ECF No. 5-2, PageID.46.) So the Court fails to see how posting the service documents on the door of that address is "likely to give actual notice" to Wyndern Stark. Mich Ct. R. 2.105(J)(1).

Accordingly, Plaintiffs' motion for alternative service (ECF No. 7) is DENIED WITHOUT PREJUDICE.

Further, as time for service has now expired, Plaintiffs ask the Court to "enter an Order extending Summons by 60 days" (ECF No. 5, PageID.41.) Federal Rule of Civil Procedure 4(m) provides that, if the plaintiff shows good cause for failing to

4

serve a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period." Plaintiffs offer little by way of "good cause" to excuse their failure to serve Wyndern Stark. That said, as this is Plaintiffs' first request for an extension, and in light of its attempts to serve Wyndern, the Court will GRANT Plaintiffs' request for an extension of time for service.

SO ORDERED.

Dated: April 24, 2025

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE