UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIONNA BASS and QUTRELIA JOHNSON,

Plaintiffs,

v.

WYNDERN STARK, LLC d/b/a GQR and BEAUMONT HEALTH,

Defendants.

Case No. 2:25-cv-10219-LJM-APP

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

**DEFENDANT BEAUMONT HEALTH'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendant Beaumont Health respectfully requests that the Court dismiss Plaintiffs' Complaint against it without prejudice. The bases for this Motion are set forth in the accompanying brief and attachments.

Defendant Beaumont Health's counsel discussed the nature of this Motion and its legal basis with Plaintiffs' counsel and requested but did not obtain concurrence in the relief sought.

Dated: April 29, 2025

Respectfully submitted,

*/s/ Eric J. Pelton*

Eric J. Pelton (P40635)
Lauren Walas (P87669)
KIENBAUM HARDY
VIVIANO PELTON & FORREST,
P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
lwalas@khvpf.com

*Attorneys for Defendant Beaumont Health*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIONNA BASS and QUTRELIA JOHNSON,

Plaintiffs,

v.

WYNDERN STARK, LLC d/b/a GQR and BEAUMONT HEALTH,

Defendants.

Case No. 2:25-cv-10219-LJM-APP

Hon. Laurie J. Michelson

Magistrate Judge Anthony P. Patti

---

**BRIEF IN SUPPORT OF DEFENDANT BEAUMONT HEALTH'S MOTION TO DISMISS**

## STATEMENT OF ISSUES PRESENTED

Should the Court dismiss Plaintiffs' Complaint against Defendant Beaumont Health for insufficient service of process when Plaintiffs' only attempt to serve Beaumont Health was to have an unidentified individual leave an unmarked envelope with a security guard at the front desk of a Corewell Health office?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Civil Procedure 4

Federal Rule of Civil Procedure 12

Michigan Court Rule 2.105

*Savoie v. City of East Lansing*, No. 21-2684, 2022 WL 3643339 (6th Cir. Aug. 24, 2022)

*Thul v. Haaland*, No. 22-5440, 2023 WL 6470733 (6th Cir. Mar. 1, 2023)

*United States v. Oakland Physicians Medical Center, LLC*, 44 F.4th 565 (6th Cir. 2022)

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). As a result, "the requirement of proper service of process 'is not some mindless technicality.'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (citation omitted).

Nevertheless, Plaintiffs Kionna Bass and Qutrelia Johnson made only a single, careless attempt at serving Defendant Beaumont Health with notice of this lawsuit. Approximately two weeks before the deadline to serve Beaumont Health with the summons, an unidentified individual left an unmarked envelope with a security guard at the front desk of a Corewell Health office. The law is clear, however, that that is not sufficient. Accordingly, the Court should dismiss Plaintiffs' Complaint against Beaumont Health without prejudice. Moreover, the Court should deny any request to extend the time to serve Beaumont Health, as Plaintiffs did not have good cause for their failure to do so during the initial period for service and their half-hearted efforts at service do not warrant a discretionary extension.

## BACKGROUND

On January 23, 2025, Plaintiffs filed a 14-count Complaint against Wyndern Stark and Beaumont Health. (*See* Pls.' Compl., ECF No. 1.) Plaintiffs, who were allegedly terminated from their assignment at Beaumont Health in early 2022, assert claims under Title VII of the Civil Rights Act of 1964, the Elliott-Larsen Civil Rights Act, and 42 U.S.C. § 1981, as well as claims for wrongful termination in violation of public policy. (*Id.* at PageID.6, 9-25.) The Clerk of this Court issued a summons to Beaumont Health the next day, January 24, 2025. (ECF No. 2.)

The Michigan Department of Licensing and Regulatory Affairs ("LARA") publishes information about Michigan corporations on its website. A quick search of LARA's website yields a list of Beaumont Health's officers and directors, as well as the name and address of its resident agent, Terese Farhat Crane.[1]

On April 8, 2025, a woman came to Corewell Health's Southfield Campus bearing an unmarked envelope and stating that she needed to drop some "paperwork" off for an employee. (Declaration of Phillip Biggs ¶¶ 3-4.) However,

[1] Michigan Department of Licensing and Regulatory Affairs, *Beaumont Health*, Corporations Online Filing System (last visited Apr. 29, 2025), https://cofs.lara.state.mi.us/CorpWeb/CorpSearch/CorpSummary.aspx?token=nBxILn58HwVtv4JMRDwTm1cWblopjmzIgq3FCQzRMH7Z0mRAdeXC1EpS/vxDjKQMsfIJX+l/abaUND/+2meX8ptXc2ez2enMppCkawwrqXzekP34kcShowZ9s2D0q2jn/SEYsh9yHVDuIxU2qFHyanEHeu1ywWnlNpZkQP6gqyrVJi3gMGE2ofKQdMeg6IRKA/7q7iA8gZEOkemLSjYONFLEWeQDum4PxiXUC9sWd9djJd7D2EZ3IfOxm3PAFxsWBefetp9XoWiCG7VnSfND7CJjtn9fD3bQSEQV0GL558xX8xnrORFnhees44XLuTXIqI6ZqfqurFM9vcrc/C6hFLni5wLh5bfa ("LARA Records").

the security officer on duty, Phillip Biggs, was unable to locate the employee in Corewell Health's electronic directory. (*Id.* ¶ 4.) Biggs then told the woman that if she left the envelope with him, he could try to figure out where the employee worked. (*Id.* ¶ 5.) The woman agreed and left, leaving the envelope at the front desk. (*Id.* ¶ 6.) The woman did not tell Biggs that she was attempting to serve process on Beaumont Health, nor did she ask him if he was authorized to accept service on behalf of Beaumont Health. (*Id.* ¶ 8.) Biggs is not, in fact, authorized to accept service of process on behalf of Beaumont Health, and he is not an officer, managing agent, general agent, or resident agent of Beaumont Health. (*Id.* ¶ 2.)

Beaumont Health is not aware of any other attempts by Plaintiffs to serve process.

## ARGUMENT

Under Federal Rule of Civil Procedure 12(b)(5), courts may dismiss complaints for insufficient service of process, including for failure to comply with the service requirements of Federal Rule of Civil Procedure 4. *See also Sutton v. Penny Mac Loan Servs., LLC*, 2025 WL 342197, at *9 (M.D. Tenn. Jan. 27, 2025). In deciding a motion to dismiss under Rule 12(b)(5), the Court may refer to record evidence beyond the allegations in the Complaint, including uncontroverted affidavits. *E.g.*, *id.*; *Spencer v. Caracal Int'l, LLC*, 516 F. Supp. 3d 755, 758 (M.D. Tenn. 2021). Importantly, it is the plaintiff, not the defendant, who bears the burden

of proving that the defendant was properly served. *E.g.*, *Spencer*, 516 F. Supp. 3d at 758.

As explained below, Plaintiffs cannot meet this burden. Moreover, Plaintiffs' complete lack of diligence in effecting service does not warrant an extension of their time to serve Beaumont Health. Thus, the Court should dismiss Plaintiffs' Complaint against Beaumont Health without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m).

## I. Plaintiffs Did Not Properly Serve Beaumont Health

To serve a corporation like Beaumont Health, plaintiffs may "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Alternatively, a plaintiff may follow state law, *id.* 4(e)(1), 4(h)(1)(A), which, in Michigan, requires either (1) delivery to an officer or resident agent or (2) delivery to a "director, trustee, or person in charge of an office or business establishment of the corporation" plus service "by registered mail, addressed to the principal office of the corporation." Mich. Ct. R. 2.105(D)(1), (2).

Plaintiffs did not properly serve Beaumont Health under federal or state law. On April 8, 2025, an unnamed woman left a copy of the summons and Complaint with a Corewell Health security officer, Phillip Biggs. (*Supra* at 2-3.) But Biggs is

not an officer, managing agent, general agent, director, or trustee of Beaumont Health. *Id.*; *contra* Fed. R. Civ. P. 4(h)(1)(B); Mich. Ct. R. 2.105(D). Nor is he Beaumont Health's resident agent. LARA Records; *contra* Mich. Ct. R. 2.105(D)(1). Furthermore, he is not authorized to accept service of process on behalf of Beaumont Health. *Supra* at 3; *contra* Fed. R. Civ. P. 4(h)(1)(B). Lastly, Biggs is not the "person in charge of" a Beaumont Health office, and Plaintiffs never served the summons and Complaint on Beaumont Health via registered mail. *Contra* Mich. Ct. R. 2.105(D)(2).

Because Plaintiffs cannot possibly prove that they properly served Beaumont Health, their Complaint must be dismissed. *See, e.g.*, *Bouchard v. U.S. Airways*, 2012 WL 28225, at *1 (W.D. Pa. Jan. 5, 2012) (dismissing complaint when plaintiff did not establish that security guard was qualified to accept service under Fed. R. Civ. P. 4(h)(1)(B) or 4(e)(1)); *Butterfield v. Intermountain Homecare & Hospice*, 2024 WL 3541372, at *3 (D. Utah June 27, 2024) (same); *Jernigan v. McMillan*, 2023 WL 11822678, at *2 (N.D. Tex. Mar. 20, 2023) (same); *Fong v. Meggitt Polymers & Composites*, 2019 WL 13273259, at *3 (N.D. Ga. Apr. 26, 2019) (same).

## II. Plaintiffs Are Not Entitled to Additional Time to Serve Beaumont Health

Beaumont Health anticipates that Plaintiffs will ask the Court to extend the time for service under Federal Rule of Civil Procedure 4(m). The Court should decline Plaintiffs' request.

When a plaintiff does not properly serve a defendant within 90 days after the complaint is filed, the court must first assess whether there is good cause for the plaintiff's failure. Fed. R. Civ. P. 4(m). If good cause exists, then "the court must extend the time for service for an appropriate period." *Id.* If, however, a plaintiff has not shown good cause, then the court may either "order that service be made within a specified time" or "dismiss the action without prejudice." *Id.*

To start, Plaintiffs did not have good cause for failing to serve process on Beaumont Health. Notably, "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Perlick Corp. v. Glastender, Inc.*, 622 F. Supp. 3d 557, 559 (E.D. Mich. 2022) (citation and quotation marks omitted). Nor can Plaintiffs avoid dismissal merely by pointing to a "lack of prejudice," "actual notice," or "ignorance of the rules." *Thul v. Haaland*, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023) (citation omitted). Rather, the Sixth Circuit has "identified three scenarios constituting good cause under Rule 4(m): (1) when the defendant has intentionally evaded service; (2) when the district court has committed an error; and (3) when a pro se plaintiff

suffers from a serious illness." *Id.*; *see also Savoie v. City of East Lansing*, 2022 WL 3643339, at *4 (6th Cir. Aug. 24, 2022). None of those circumstances are present here.

Therefore, the Court must decide whether it will exercise its discretion to extend the time for service or dismiss the Complaint. In doing so, the Court must consider the following seven factors:

a. whether an extension of time would be well beyond the timely service of process;
b. whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
c. whether the defendant had actual notice of the lawsuit;
d. whether the court's refusal to extend time for service substantially prejudices the plaintiff, *i.e.*, would the plaintiff's lawsuit be time-barred;
e. whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
f. whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
g. whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).

On balance, these factors militate in favor of dismissal of Plaintiffs' Complaint. Plaintiffs' claims would not necessarily be time-barred if they were required to re-file. *Cf. Tines v. PepsiAmericas, Inc.*, 265 F.R.D. 285, 288 (W.D. Tenn. 2010) (dismissing complaint and refusing to extend time for service even when some of plaintiffs' claims would be time-barred). Regardless, the blame for

Plaintiffs' failure to properly serve Beaumont Health lies entirely at their own feet. They are represented by counsel and thus are not "deserving of additional latitude." *Oakland Physicians*, 44 F.4th at 569. Furthermore, they were far from diligent in effecting proper service of process, making a single, half-hearted attempt at service 16 days before the deadline to do so. *Id.* at 570 (affirming district court's dismissal and refusal to extend time for service when plaintiffs made a single attempt at service just before the deadline); *Savoie*, 2022 WL 3643339 at *5 (affirming dismissal and refusal to extend time for service: "On the other hand, Savoie and Hooper offered no reason for waiting until the very end of the time period to serve the officers, they were represented by counsel, and they did not attempt to understand Michigan law when effecting service. Indeed, most, if not all, of Savoie and Hooper's troubles are their own. And that speaks to the last factor from *Oakland Physicians* about equitable circumstances. The three-year delay in filing, the defects in the initial complaint, and the lack of due diligence in serving the right people all counsel against an extension."). Plaintiffs' careless and lackadaisical approach to service does not warrant giving them a second chance.

**CONCLUSION**

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint against Beaumont Health.

Dated: April 29, 2025

Respectfully submitted,

*/s/ Eric J. Pelton*

Eric J. Pelton (P40635)
Lauren Walas (P87669)
KIENBAUM HARDY
VIVIANO PELTON & FORREST,
P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
lwalas@khvpf.com

*Attorneys for Defendant Beaumont Health*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIONNA BASS and QUTRELIA JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>WYNDERN STARK, LLC d/b/a GQR and BEAUMONT HEALTH,<br><br>Defendants. | Case No. 2:25-cv-102190-LJM-APP<br>Honorable Laurie J. Michelson |

**BRIEF FORMAT CERTIFICATION FORM**

I, Eric J. Pelton, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☐ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☐ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Eric J. Pelton*
Eric J. Pelton

Dated: April 29, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2025, I electronically filed the foregoing document and all attachments with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants on record.

*/s/ Eric J. Pelton*
Eric J. Pelton