IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIONNA BASS and QUTRELIA
JOHNSON,

     Plaintiffs,

v.

WYNDERN STARK, LLC d/b/a GQR
and BEAUMONT HEALTH,

     Defendants.

Case No. 2:25-cv-10219

Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## **DEFENDANT WYNDEN STARK, LLC'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(5), Defendant Wynden Stark, LLC ("Wynden Stark")[1] respectfully requests that this Court dismiss Plaintiffs' Complaint for insufficient service of process. On July 8, 2025, there were several back-and-forth communication exchanges between counsel in which the movant explained the nature of this motion or request and its legal basis and requested, but did not obtain, concurrence in the relief sought.

---

[1] Wynden Stark, LLC is incorrectly identified on Plaintiffs' Complaint as "Wyndern Stark, LLC," and the Summons is similarly issued to a "Wyndern Stark, LLC."

Respectfully submitted,

*s/ Donald C. Bulea*
Donald C. Bulea (P84895)
Ogletree Deakins, PLLC
Attorneys for Defendant Wynden Stark,
LLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
(248) 593-6400
donald.bulea@ogletree.com

Date: July 8, 2025

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIONNA BASS and QUTRELIA
JOHNSON,

      Plaintiffs,

v.

WYNDERN STARK, LLC d/b/a GQR
and BEAUMONT HEALTH,

      Defendants.

Case No. 2:25-cv-10219

Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**<u>DEFENDANT WYNDEN STARK, LLC'S</u>
<u>BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>**

**Statement of Issues Presented**

Should the Court dismiss Plaintiffs' Complaint against Wynden Stark due to Plaintiffs' insufficient service of process and violation of the Court's Order related to service?

Plaintiffs' Anticipated Answer: No

Defendant Wynden Stark, LLC's Answer: Yes

## Controlling or Most Appropriate Authorities

Fed.R.Civ.P. 4(l), (m) and 12(b)(5)

*Byrd v. Stone*,
      94 F.3d 217, 219 (6th Cir. 1996)

*Perlick Corp. v. Glastender, Inc.,*
      622 F. Supp. 3d 557, 559 (E.D. Mich. 2022)

*Sawyer v. Lexington–Fayette Urban County Government*,
      18 Fed. App'x 285, 287 (6th Cir. 2001)

## I.    <u>PROCEDURAL HISTORY</u>

On January 23, 2025, Plaintiffs Qutrelia Johnson and Kionna Bass ("Plaintiffs") filed their Complaint against Wynden Stark and Beaumont Health. (ECF No. 1).  Having failed to perfect service on Wynden Stark, on April 21, 2025, Plaintiffs filed a Motion for Extension of Summons and Alternative Service. (ECF No. 5). In that Motion, Plaintiffs stated that they attempted to serve Wynden Stark via its registered agent (located at 755 W. Big Beaver Rd., Suite 2020-S, Troy, Michigan 48084) by certified mail on April 8, 2025, and by process server on April 8 and April 14, 2025, but were not successful. As a result, Plaintiffs asked the Court to allow alternative service by "affixing the summons and complaint to the door of the address" for Wynden Stark's registered agent. (ECF No. 5, PageID.39).

In ruling on Plaintiffs' Motion, the Court found that Plaintiffs had not demonstrated that service via Fed.R.Civ.P. 4(e)(1), *i.e.,* serving Wynden Stark in accordance with Michigan state law, could not reasonably be made or that the proposed alternate service would be effective. (ECF No. 6, PageID.51). The Court provided Plaintiffs with an extension of 60 days, or until June 23, to serve Wynden Stark with the summons and complaint. (ECF No. 6).

On June 13, 2025, Plaintiff requested a Summons for Wynden Stark. On June 16, 2025, a Summons issued for Wynden Stark. On June 17, 2025, Plaintiffs filed a "Certificate of Service/Summons Returned Executed" that allegedly indicates proof

of service on Wynden Stark. (ECF No. 16). However, this document is incomplete in several ways. It does not state the name of the person or individual on who Plaintiffs allegedly served the Summons and it does not state the address, city, or state of the location where service allegedly occurred. (ECF No. 16). Simply put, this is insufficient service of process and warrants dismissal of Plaintiffs' Complaint.

## II.   <u>LAW AND ARGUMENT</u>

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of service of process. The party on whose behalf service of process was made has the burden of establishing its validity. *Metro. Alloys Corp. v. State Metals Indus., Inc*., 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). The requirements for service of process are provided in Rule 4 of the Federal Rules of Civil Procedure. A plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Government*, 18 Fed. App'x 285, 287 (6th Cir. 2001). Fed.R.Civ.P. 4(m) sets an initial 90-day time limit for a plaintiff to effect service. If the plaintiff has not completed service within 90 days, Rule 4(m) directs the Court to determine whether the plaintiff has shown good cause for failing to effect timely service. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

In this case, with less than two weeks of the original 90-day period for service remaining, Plaintiff unsuccessfully attempted to serve Wynden Stark once by certified mail and twice by process server who apparently was "unable to locate the address" for Wynden Stark's registered agent. (ECF No. 5-2, PageID.46).  After seeking and obtaining relief from the Court in the form of an additional 60 days to effect service, Plaintiff expended little to no effort to serve Wynden Stark.  Instead, with 10 days remaining in the service period, Plaintiffs requested a summons and then used a process server to "serve" Wynden Stark through an unidentified individual, at an unidentified location on June 17, 2025, at 11:49 AM. This lack of compliance with the Federal Rules and Court's Order warrants dismissal. *Mallett v. Holiday Inn*, No. 3:19-CV-459, 2020 WL 1558113, at *1 (E.D. Tenn. Mar. 31, 2020) (failure to file proof of service in the form required by Rule 4(l)(1) within the time ordered by the Court warranted dismissal of complaint); see also *Nieves v. Kiekert AG*, No. 20-11467, 2021 WL 2942010, at *2 (E.D. Mich. July 13, 2021) (minimal effort to properly effect service since Court's Order to do so justified dismissal of Complaint for insufficient service of process in accordance with Fed. R. Civ. P. 12(b)(5)).

Despite having over 140 days to do so, Plaintiffs have not met their burden of perfecting service and showing that proper service has been made. Given Plaintiffs belated and minimal efforts to serve Wynden Stark, Plaintiffs do not have good cause

for failing to do so and their Complaint should be dismissed. *Perlick Corp. v. Glastender, Inc.,* 622 F. Supp. 3d 557, 559 (E.D. Mich. 2022) (inadvertent failure or half-hearted efforts to serve a defendant within does not constitute good cause). Neither Wynden Stark's actual knowledge of the suit nor the filing of this motion cure Plaintiffs' failures. *Id.,* citing *Leisure v. Ohio*, 12 F. App'x 320, 321 (6th Cir. 2001) ("The fact that a copy of the complaint was mailed to the defendants cannot substitute for proper service of process, as actual knowledge of a law suit will not cure defective service of process.").

## III.   <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Plaintiff's Complaint against Wynden Stark pursuant to Fed.R.Civ.P. 12(b)(5).

Respectfully submitted,

<u>s/ Donald C. Bulea</u>
Donald C. Bulea (P84895)
Ogletree Deakins, PLLC
Attorneys for Defendant Wynden Stark, LLC
34977 Woodward Avenue, Suite 300
Birmingham, MI  48009
(248) 593-6400
donald.bulea@ogletree.com

July 8, 2025

4

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 8, 2025, the foregoing paper was electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*s/ Donald C. Bulea*
Donald C. Bulea (P84895)

90999594.v1-OGLETREE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIONNA BASS and QUTRELIA JOHNSON, | |
| Plaintiffs, | Case No. 2:25-cv-10219 |
| v. | Honorable Laurie J. Michelson Magistrate Judge Anthony P. Patti |
| WYNDERN STARK, LLC d/b/a GQR and BEAUMONT HEALTH, | |
| Defendants. | |

## BRIEF FORMAT CERTIFICATION FORM

I, Donald C. Bulea, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*s/ Donald C. Bulea*
Dated: July 8, 2025

2